UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAR 25 2010
CLERK

| MYRON SONGER, | ) | CIV 10-4017-RHB |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| Defendant. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. The complaint states:

> ON STATe HABeAS CASe NO. CiV 09-24 I WAS GRANTED A WRiT OF HABeAS CORPUS ORDeReD TO Be ReLeASeD FROM PRiSON AND I AM STILL iN CUSTODY AFTER THe COURT ORDERED BY JUDGE BROWN GReGORY COUNTY SOUTH DAKOTA SiXTH JUDICIAL CiRCUiT SDSP WARDeN DOUGLAS WeBER NeeDS TO Be ORDeReD FOR Me TO Be ReLeASeD FROM CUSTODY HE iS STiLL CONFINED ME iN CUSTODY

Complaint, Docket #1. The complaint form additionally asks plaintiff to specify what relief he is seeking. Plaintiff responded as follows:

> INJUNCTiVE AND DeCLARATORY ReLieF VACATE THE CAPiAS CUSTODY. COMPENSATORY DAMAgES ReLieF EXPEDIATED ORDer FOR ReLeASe ORDer For ReLeASe ReLieF FROM CUSTODY FROM SDSP GRANT ORDer ON A WRiT OF CAPIAS NO LEGAL AUTHiRiTY TO CONFiNe AFTer WRiT OF HABEAS WAS gRANTeD BY SiXTH JUDiCiAL CiRCUiT JUDGE BROWN GRegORY COUNTY.

Complaint, Docket #1. Attached to the complaint are two unsigned documents - one entitled "Order Granting Petitioner's Writ of Habeas Corpus" and one entitled

"Permanent Writ of Habeas Corpus."

Eight days after filing his complaint, plaintiff filed another document which was docketed as a motion for immediate release. This document states that plaintiff has received the signed order from the state court judge granting his writ of habeas corpus and yet he is still being detained. He asks for his immediate release. Attached to this document is the first page of the document that was attached to the complaint entitled "Order Granting Petitioner's Writ of Habeas Corpus" and three different signature pages. It appears that the first signature page would match the document attached to the complaint entitled "Permanent Writ of Habeas Corpus," while the second signature pages appears to match the document entitled "Order Granting Petitioner's Writ of Habeas Corpus." There is no indication as to what document the third signature page purports to belong.

## DISCUSSION

Title 28 of the United States Code, sections 1915(e)(2) and 1915A(b) require the Court to screen each complaint . If the complaint is found to be frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss the case immediately. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). A case fails to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). When reviewing a complaint for such an

inadequacy, the Court must assume that "the factual allegations in the complaint are true." Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832.

Plaintiff's claim is stated as a 42 U.S.C. § 1983 claim. As previously stated, while plaintiff does seek damages, he is most intent on receiving an order immediately releasing him from custody. It is well-settled that

> when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). As a result, § 1983 is not the appropriate vehicle for plaintiff to pursue his release. Furthermore, even construing his complaint as a petition for writ of habeas corpus, this Court is without authority to act.

Title 28 of the United States Code, section 2254 provides in pertinent part

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

It does not appear that plaintiff has exhausted his state court remedies. Construing the allegations in the complaint as true, he successfully petitioned the state trial court for a writ of habeas corpus. Nonetheless, before this Court can order his release, petitioner must exhaust the remedies available in the state courts - whether that

be with the state trial court or the South Dakota Supreme Court. Furthermore, plaintiff has not alleged that there is an absence of an available state corrective process or that such process would be ineffective in protecting his rights. As a result, the Court finds that this claim must be dismissed for lack of jurisdiction.

With regard to plaintiff's claims for damages due to his allegedly illegal detention, this Court is without authority to entertain any claim for compensation until the disposition of plaintiff's petition for writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). As a result, this claim shall be dismissed without prejudice and plaintiff may amend his complaint once the issues surrounding his petition for writ of habeas corpus have been resolved. Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that plaintiff's motion for immediate release (Docket #7) is denied.

Dated this 25th day of March, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE